IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOX BEND DEVELOPMENT ASSOCIATES, LTD., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-CV-3137-N |
| TONY ENNIS, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Tony Ennis' motion to dismiss [5]. For the reasons set forth below, the Court grants the motion.

## I. ORIGINS OF THE DISPUTE

This case is a dispute between shareholders of nonparty ecoLegacy, Ltd. ("ecoLegacy"), a company organized under the laws of the Republic of Ireland. Plaintiffs Fox Bend Development Associates, Ltd., Fred and Michele Secker, and Jeffrey Hicks Trust 2005 each invested funds in ecoLegacy. As part of their investment, Plaintiffs each signed a deed of adherence to the ecoLegacy shareholders agreement (the "Shareholders Agreement" or the "Agreement"). The Shareholders Agreement contains an arbitration provision (the "Arbitration Clause") stating that:

> In the event of any dispute or difference between the Shareholders, in regard to any matter of whatsoever nature arising out of this [Shareholders] Agreement or in connection therewith, then any Shareholder shall give notice to the other Shareholders in writing of such dispute or difference and such dispute or difference shall be referred to arbitration to be conducted by such

> person as the Shareholders hereto may agree to appoint as arbitrator . . . such arbitrator shall act as an arbitrator within the meaning of the Arbitration Act, 2010 and shall be governed by the Arbitration Acts for the time being in force . . . and his decision shall be final and binding on the parties hereto and the cost of Arbitration shall be payable as the arbitrator shall determine.

App. in Supp. of Def.'s Mot. to Dismiss ("App.") 13 [6]. On September 28, 2017, Plaintiffs filed suit against Ennis, a shareholder and former CEO of ecoLegacy, alleging that Ennis made fraudulent misrepresentations and omitted material facts in soliciting Plaintiffs to invest a total of $3,250,000 into ecoLegacy. Plaintiffs assert claims for fraud, negligent misrepresentation, violation of Texas and federal securities laws, and costs and attorneys' fees. On November 15, 2017, Ennis removed the case to this Court [1]. Ennis now moves to dismiss under Federal Rule of Civil Procedure 12(b)(3) and to compel Plaintiffs to arbitrate their claims [5].[1] The Court grants Ennis' motion.

## II. LEGAL STANDARD

The Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), governs the enforcement, interpretation, and validity of arbitration clauses in commercial contracts.[2] "The Supreme Court has made it clear that the [FAA] establishes a 'liberal policy favoring arbitration' and

---

[1] Ennis also argues that dismissal under Rule 12(b)(5) is proper because Plaintiffs did not effect proper service of process on him. Because the Court grants Ennis' motion to dismiss under Rule 12(b)(3), the Court does not address Ennis' Rule 12(b)(5) argument.

[2] Ennis argues for the first time in a supplemental reply to Plaintiffs' supplemental response that the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, governs arbitrability [20]. The Court declines to consider an argument raised for the first time in a reply. *Hermitage Ins. Co. v. Times Square Dallas, Ltd.*, No. 3:05-CV-0785-N, 2006 WL 8437468, at *3 (N.D. Tex. Mar. 1, 2006).

a 'strong federal policy in favor of enforcing arbitration agreements.'" *Pers. Sec. & Safety Sys. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (quoting *Texaco Expl. and Prod. Co. v. AmClyde Engineered Prod. Co., Inc.*, 243 F.3d 906, 909 (5th Cir. 2001)). Courts thus "resolve any ambiguity as to the availability of arbitration in favor of arbitration." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 462 (5th Cir. 2001). The federal policy favoring arbitration "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 631 (1985).

In determining whether parties agreed to arbitrate a dispute, courts consider (1) whether a valid agreement to arbitrate exists between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement. *Tittle v. Enron Corp.*, 463 F.3d 410, 418–19 (5th Cir. 2006). The "party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (citations omitted).

### III. THE COURT GRANTS THE MOTION TO DISMISS

Ennis moves to dismiss, arguing that the Arbitration Clause requires the parties to arbitrate their dispute [5]. The Court grants Ennis' motion.

### A. The Arbitration Clause is Valid

The Court must first determine whether the Arbitration Clause is valid. *See Tittle*, 463 F.3d at 418–19. Plaintiffs assert that Ennis fraudulently induced them to enter into the Shareholders Agreement such that the Agreement – including the Arbitration Clause

therein – is void.  But this Court previously rejected a nearly identical argument.  *See Haden v. Bank of Am. Corp.*, No. 3:11-CV-0812-N, 2011 WL 13128696, at *2 (N.D. Tex. Nov. 14, 2011) (rejecting plaintiff's assertion that arbitration provision was void because entire contract was unconscionable and fraudulently procured and noting that such defenses "must specifically relate to the [arbitration provision] itself, not the contract as a whole, if they are to defeat arbitration." (alteration in original) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001)).

Plaintiffs further argue that the Shareholders Agreement – and thus the Arbitration Clause – is invalid because two material conditions of their signing deeds of adherence to the Agreement never occurred.  Specifically, Plaintiffs argue that their entering into the Shareholders Agreement was contingent on Ennis' promises that (1) he would amend a particular provision of the Agreement and (2) ecoLegacy would return dividends on profits to investors. Plaintiffs assert that Ennis has yet to fulfill either promise and that the Agreement is therefore void.  But Plaintiffs' argument echoes their fraudulent inducement claim: they argue that they invested in ecoLegacy because Ennis fraudulently misrepresented that certain conditions would occur after they invested.  Plaintiffs' argument concerns the Shareholders Agreement as a whole, not the Arbitration Clause.  And "defenses that pertain to the entire . . . contract can be arbitrated."  *In re FirstMerit Bank*, 52 S.W.3d at 756 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967)).  The Arbitration Clause is thus valid.

### B. The Parties' Dispute is Within the Scope of the Arbitration Clause

If there is a binding agreement to arbitrate, the Court must then decide whether the parties' dispute is within the scope of the agreement. *Tittle*, 463 F.3d at 418–19 (5th Cir. 2006). "[C]ourts distinguish 'narrow' arbitration clauses that only require arbitration of disputes 'arising out of' the contract from broad arbitration clauses governing disputes that 'relate to' or 'are connected with' the contract." *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) (citations omitted). Arbitration clauses governing disputes "arising out of or in relation to or in connection with" the contract are "broad arbitration clauses capable of expansive reach." *Id.* (citing *Prima Paint*, 388 U.S. at 397–98 (describing as "broad" a clause requiring arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement") and *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164–65 (5th Cir. 1998) (holding that when parties agree to arbitration clause governing "[a]ny dispute . . . arising out of or in connection with or relating to this Agreement," they "intend the clause to reach all aspects of the relationship.")). Such a clause covers all claims between the parties that have a significant relationship to the arbitration agreement. Broad arbitration clauses "are not limited to claims that literally 'arise under the contract,' but rather embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *Pennzoil*, 139 F.3d at 1067 (citations omitted). Indeed, a claim must only "touch" matters covered by a broad arbitration clause to be arbitrable. *Id.* (citations omitted).

Here, the Arbitration Clause governs "any dispute or difference between the Shareholders, in regard to any matter of whatsoever nature arising out of this Agreement or *in connection therewith.*"  App. 13 [6] (emphasis added).  The Arbitration Clause is thus broad.  *See Pennzoil*, 139 F.3d at 1067 (noting that "arbitration clauses governing disputes that 'relate to' or 'are connected with' the contract" are "broad arbitration clauses capable of expansive reach" (citations omitted)).

Plaintiffs assert that the Shareholders Agreement governs the business and affairs of ecoLegacy, not disputes over Ennis' alleged fraudulent inducement of Plaintiffs' investments before Plaintiffs became ecoLegacy shareholders.  But whether the Shareholders Agreement itself governs the parties' dispute is not the relevant question.  Instead, the Court must determine whether Plaintiffs' claims qualify as a "dispute or difference between the Shareholders, in regard to any matter of whatsoever nature arising out of this Agreement or in connection therewith."  *See* App. 13 [6].  And Plaintiffs' claims are certainly connected to the Shareholders Agreement.  Plaintiffs assert that their claims "'arise from' or 'connect with' the [o]ffering [m]aterials and material misrepresentations and omissions that Ennis made to Plaintiffs in order [to] fraudulently induce Plaintiffs to invest even before Plaintiffs became shareholders in Ecolegacy."  Pls.' Resp. to Mot. to Dismiss 13 [9].  But the Shareholders Agreement was one of the investment offering documents on which Plaintiffs allege they relied.  Moreover, Plaintiffs claim that Ennis committed fraud for the purpose of inducing Plaintiffs to agree to the Shareholders Agreement.  Plaintiffs' claims arise in

connection with the Shareholders Agreement and therefore fall within the scope of the Arbitration Clause.

### C. The Irish High Court's Appointment of a Liquidator Does Not Affect the Arbitrability of Plaintiffs' Claims

In June 2018, well after Plaintiffs filed this action, the High Court of Ireland in a separate proceeding appointed a liquidator to wind up ecoLegacy and investigate allegations that Ennis misappropriated ecoLegacy funds. The Shareholders Agreement contains a provision stating:

> This [Shareholders] Agreement shall terminate immediately if an effective resolution is passed to wind up the Company or if a liquidator is otherwise appointed (but without prejudice to any rights any party may have against any other party arising prior to such termination).

App. 16 [6]. Plaintiffs now assert that when the High Court of Ireland issued its liquidation order, the Shareholders Agreement – including the Arbitration Clause therein – terminated. Plaintiffs claim that Ennis' contractual right to compel arbitration terminated along with the Arbitration Clause.

Plaintiffs' argument is misguided. The Agreement itself indicates in broad language that termination in the case of liquidation shall be "without prejudice to any rights any party may have against any other party arising prior to such termination." *Id*. And while the Agreement neither defines the term "rights" nor explicitly states that Ennis' right to compel arbitration will not be prejudiced by termination, it need not do so. The Agreement states that *any* right of *any* party arising before termination shall not be prejudiced. *See id*. Plaintiffs offer no compelling reason why a shareholder's right to compel arbitration under

the Agreement does not qualify as a "right any party may have against any other party." *See id.* And Plaintiffs do not dispute that Ennis' right to compel Plaintiffs to arbitrate their claims arose before the Agreement terminated.

Plaintiffs note that, unlike certain other provisions of the Agreement, the Arbitration Clause does not contain explicit language indicating that it survives termination of the Agreement. But given the broad language in the Agreement stating that termination due to liquidation will not prejudice any right held by any party arising prior to termination, an explicit survival clause is not necessary. Termination of the Agreement thus did not affect Ennis' right to compel arbitration of Plaintiffs' claims.

### CONCLUSION

Because Plaintiffs' claims are subject to arbitration, the Court grants Ennis' motion to dismiss [5].

Signed August 17, 2018.

David C. Godbey
United States District Judge